**In re McCOY.**

[Cite as *In re McCoy* (2000), 138 Ohio App.3d 774.]

Court of Appeals of Ohio,
Second District, Greene County.

No. 99–CA–95.

Decided Sept. 29, 2000.

William F. Schenck, Greene County Prosecuting Attorney, and Robert K. Hendrix, Assistant Prosecuting Attorney, for appellee.

Jon Paul Rion, for appellant.

---

FAIN, Judge.

Defendant-appellant Dawn McCoy appeals from her adjudication as a delinquent for inducing panic at Xenia High School. She contends that the evidence in the record is insufficient to sustain the judgment because the state did not prove an essential element of inducing panic—that she threatened to commit an offense of violence. She further contends that the judgment must be reversed because the state failed to show that she was the sole cause of the panic and alarm, which disrupted the functions of the school.

We conclude that the state presented sufficient evidence upon which a rational trier of fact could find, beyond reasonable doubt, that McCoy committed the offense of inducing panic. We further conclude that the failure to show that McCoy's statement was the sole cause of the panic is immaterial. Accordingly, the judgment of the trial court is affirmed.

I

In April 1999, McCoy was a student at Xenia High School. Following the shootings at Columbine High School in Colorado, the students at Xenia High School created a large sympathy card on a poster board for the Columbine students. The poster was hung in the cafeteria so that the Xenia students could sign it and send it to Columbine High School. McCoy drew a figure on the poster. This figure, which McCoy referred to as "Nigel," was a person in a black trench coat exhibiting the "peace sign." McCoy, a talented art student, had created the Nigel character as a comic-book hero long before the Columbine tragedy. McCoy also sculpted a ceramic figurine of Nigel, which she carried on her person. She won awards in art class and art fairs for her creation of Nigel.

On April 27, McCoy was advised by school administrators that the drawing was inappropriate, given that the students responsible for the Columbine shootings were members of a group referred to as the "Trench Coat Mafia." McCoy agreed to the removal of the drawing from the poster. School officials asked McCoy not to display the ceramic figurine, and she agreed not to do so.

According to the trial testimony of Brian Powderly, the Xenia High School Assistant Principal, he learned that McCoy had continued to display the figurine. He confiscated the figurine on April 28.

Later that day, McCoy was in her fifth period graphic arts class, along with classmates Laura Long and Kiel Wolf. According to Long's testimony, McCoy appeared upset and had her head down on her table. Long asked McCoy, "what is the matter with you," but got no response. Thereafter, Long walked over to McCoy and repeated the question. McCoy informed Long that "Mr. Powderly had taken her [figurine] away, and that made her mad; and she wanted to wear a trench coat that had bombs in it * * * and kill the faculty." According to Long, McCoy appeared angry and frustrated and did not appear to be joking. Long then asked McCoy if she was serious and again received no response. Long again repeated her question, to which McCoy merely replied that she was tired.

According to the testimony of Kiel Wolf, McCoy appeared disturbed and mad during graphic arts class. He also testified that she had her head down on her table, and that he and Long asked her what was bothering her. He testified that McCoy stated that Powderly had taken Nigel away and that she was "very angry

and would consider wearing a trench coat to school with bombs." Wolf testified that he and Long asked McCoy if she was serious, and she did not reply. They asked a second time, and McCoy answered, "maybe." When they asked a third time, McCoy said that she "liked the students but not administration." Wolf testified that McCoy appeared to be serious.

According to the testimony of Brian Powderly, he learned that students were alarmed about the statement. He called McCoy to his office to speak with her, and she denied making the statement. Powderly then told McCoy to stay at home the next day, to let the students calm down.

The following day, at least five police officers, called in by administration, were in the school building. The teachers were told to talk to their classes and calm the students' fears. Powderly testified that the "people were alarmed," and the statement created an "air of panic." At the end of the week, three hundred students stayed out of school.

McCoy was arrested, and charges of aggravated menacing and inducing panic were filed against her in juvenile court. At trial, McCoy denied having made the statement. She also presented testimony that the atmosphere of panic in the school was caused by a threat written on a bathroom wall, other rumored statements, and the presence of the police officers. At the conclusion of the state's case, the trial court dismissed the charge of aggravated menacing. However, after the trial was completed, the trial court found McCoy delinquent as a result of having committed the offense of inducing panic. McCoy was fined $75 and ordered to pay costs. No other sanction was imposed. From the judgment of the trial court, McCoy appeals.

## II

The first assignment of error is as follows:

"The delinquency finding should be reversed because the evidence did not establish that appellant made a 'threat.' "

In this argument, McCoy contends that her adjudication of delinquency must be reversed because the state failed to produce sufficient evidence to establish that she made a threat.

A sufficiency of the evidence argument challenges whether the state has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541, 546. The Supreme Court has established the following as the proper test to apply to a such an inquiry:

"An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

■ The statute creating the offense that McCoy was found to have committed, R.C. 2917.31(A)(2), provides as follows:

"No person shall cause the evacuation of any public place, or otherwise cause serious public inconvenience or alarm, by doing any of the following: * * * Threatening to commit any offense of violence."

The statute does not define what constitutes "threatening" behavior. Therefore, we must look to the commonly accepted meaning. "Threat" is defined as "an indication of impending danger or harm." Webster's II, New College Dictionary (1995) 1149. The word "threaten" means to give "signs or warning of" and "to announce as possible" in its definitions. *Id.*

The testimony of Kiel Wolf is relevant to this issue. As noted above, he testified that McCoy stated that she would "consider" wearing a trench coat with bombs in it at school. He also testified that when he asked her if she was serious, she responded "maybe." We conclude that these statements meet the above-referenced definitions. Therefore, we find that the state presented evidence upon which a rational trier of fact could find the essential element of making a threat to have been proven beyond a reasonable doubt.

The first assignment of error is overruled.

### III

The Second Assignment of Error states:

"The delinquency finding should be reversed because the evidence was insufficient to show that appellant was the *cause* of the panic or alarm in the school." (Emphasis *sic*.)

McCoy contends that the state merely proved that the statement she made was "but one of several factors contributing" to the panic at Xenia High School. Therefore, she contends that the evidence was not sufficient to prove that she caused the panic.

■ There is no dispute in the record that there were several factors contributing to the "air of panic" at Xenia High School. Indeed, states of alarm and

panic among students might be expected to arise with even less provocation, following a highly reported tragedy like that at Columbine. However, R.C. 2917.31 does not limit the offense of inducing panic to situations in which a single factor is the cause of the panic or alarm.

■■ McCoy cannot escape the fact that the record in this case affirmatively shows that her statement was a significant contributing factor to the panic and alarm generated at Xenia High School. That fear caused classes to be disrupted and even resulted in three hundred students' failing to attend school. In Ohio, individuals can be held criminally accountable for the foreseeable consequences of their actions. *State v. Robinson* (1994), 98 Ohio App.3d 560, 574, 649 N.E.2d 18, 27. We find it foreseeable that the statement McCoy allegedly made could induce panic. Accordingly, the second assignment of error is overruled.

## IV

Having overruled both assignments of error, we affirm the judgment of the trial court.

*Judgment affirmed.*

BROGAN and WOLFF, JJ., concur.